UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTONIO C. BRAS,<br><br>    Defendant. | Crim. No. 03–051 (CKK) |

MEMORANDUM OPINION
(December 2, 2005)

Defendant Antonio C. Bras pleaded guilty to Count 1 of a multi-count indictment, Conspiracy to Commit Crimes Against the United States and Aiding and Abetting and Act to be Done in violation of 18 U.S.C. § 371 and 18 U.S.C. § 372, on December 8, 2003, for his role in a scheme via which the District of Columbia Department of Public Works was charged for labor and materials never provided to it by Fort Myer Construction Corporation through a network of bribes and false documentation. After two days of evidentiary hearings, the Court sentenced Defendant Bras on October 20, 2005, to 37 months incarceration and a $7,500 fine followed by three years of supervised release. He subsequently filed the instant motion, [114] Defendant Antonio C. Bras' Motion for Release Pending Appeal on November 10, 2005. The Government filed [117] Government's Opposition to Defendant's Motion for Release Pending Appeal on November 21, 2005. Defendant Bras filed [119] Defendant's Reply to Government's Opposition to Defendant's Motion for Release Pending Appeal on November 30, 2005. After considering the aforementioned pleadings, the Court shall DENY Defendant Bras's Motion for Release Pending Appeal.

In his Motion for Release Pending Appeal, Defendant Bras asks that the Court release

Defendant pursuant to 18 U.S.C. § 3143(b)(1). 18 U.S.C. § 3143(b)(1) provides that:

> [a] judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In this case, since the Government has not alleged that Defendant Bras is a flight risk or poses a danger to the community if released, the Court's decision to release Defendant Bras pending the outcome of his appeal rests on 18 U.S.C. § 3143(b)(1)(B), which pertains to the merits of his appeal. Since Defendant Bras pleaded guilty and therefore would not be in a position to be the subject of a reversal or an order for a new trial as a result of his appeal, the Court must assess whether "the appeal . . . raises a substantial question of law or fact likely to result in" either the elimination of Defendant Bras's term of imprisonment or some reduction thereof that would result in a period of imprisonment less than the expected duration of his appeal process, as posited by 18 U.S.C. § 3143(b)(1)(B)(iii) & (iv).

Defendant's appellate arguments are similar to those that he made during the two days of evidentiary hearings held prior to sentencing and at the sentencing. In determining Defendant's sentence, the Court's calculation of the advisory sentencing guidelines centered specifically around three factors that were contested by the Parties–calculation of loss, role in the conspiracy, and acceptance of responsibility. These factors considered by the Court under the advisory sentencing guidelines, in addition to other pertinent information, are the same factors that the Court would

consider in applying the considerations set out in 18 U.S.C. § 3553(a).

It was and is the Court's view that in this case, a reasonable and appropriate sentence for Defendant Bras with or without regard to the advisory sentencing guidelines involved a period of incarceration, and that a 37-month sentence was the reasonable and appropriate sentence in this case. As such, Defendant Bras's appeal is not "likely" to raise a substantial question of law or fact sufficient either to eliminate his term of incarceration or significantly decrease his period of incarceration such that an adjusted period of incarceration would possibly be shorter that the length of time that Defendant will actually be incarcerated prior to the disposition of his appeal. Therefore, since the threshold for release established by 18 U.S.C. § 3143(b)(1)(B) has not been met, the Court shall DENY [114] Defendant Antonio C. Bras' Motion for Release Pending Appeal.

Date:   December 2, 2005

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge